UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O. Z. MARTIN,<br><br>        Petitioner,<br><br>    v.<br><br>TIM VIRGA, Warden,<br><br>        Respondent.<br>_____/ | No. C-11-5178 EMC (pr)<br><br>**ORDER REOPENING AND DISMISSING ACTION FOR NEW REASON** |

## I. INTRODUCTION

O. Z. Martin filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge the restitution fine portion of the sentence imposed for his attempted murder conviction. The Court dismissed the petition as a second or successive petition because Martin had not obtained permission to file it from the U.S. Court of Appeals for the Ninth Circuit. Martin has filed a Motion For The Court To Correct [Its] Error And Re-Open This Case Rendering A Decision ("Motion To Reopen").

## II. DISCUSSION

A.    Procedural Background

Martin was convicted of attempted murder in Alameda County Superior Court in 2000. The abstract of judgment shows that he was sentenced to 27 years to life in prison for the attempted murder conviction, plus 16 years for several sentence enhancements. Docket # 1, pp. 16-17. The abstract of judgment also shows that the court ordered a restitution fine of $8,600 pursuant to California Penal Code § 1202.4(b) and restitution of $196.21 pursuant to California Penal Code § 1202.4(f). Docket # 1, p. 17.

Martin commenced this action by filing a petition for writ of habeas corpus on October 24, 2011. The petition challenges the restitution fine ordered in Martin's criminal case. The Court dismissed it as a second or successive petition.

After filing this action, Martin sought and obtained permission from the Ninth Circuit to file a second or successive petition, and filed a separate habeas petition asserting ineffective assistance of counsel and actual innocence claims with regard to his attempted murder conviction. *See Martin v. Virga*, No. C 12-1351 EMC.

Martin argues in his Motion To Reopen that his petition is not a second or successive petition because he "is not challenging his conviction or sentence" and instead "is challenging the court ordered restitution/fine imposed by the court following petitioner's conviction." Docket # 7, p. 1. He attaches a Motion Requesting The Court Ordered Restitution Fine Be Waived Pursuant to P.C. 1202(d); 1202.4(4) ("Restitution Motion"), which he contends "the court mistakenly construed to be a motion challenging his conviction and sentence." *Id.* Although Martin suggests the Court misconstrued his Restitution Motion to be a habeas petition, he neglects to note that the Restitution Motion was attached as an exhibit to the form petition for writ of habeas corpus that he filed to commence this action. *See* Docket # 1, pp. 1-7. For the reasons explained below, the Court cannot grant relief on the Restitution Motion, regardless of whether it is viewed as a petition for writ of habeas corpus or otherwise.

B. <u>Analysis</u>

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A threshold inquiry for the district court is determining whether it has the power to adjudicate a case.

Federal district courts may not review the final determinations of a state court because federal district courts are courts of original jurisdiction. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts). The *Rooker-Feldman* doctrine essentially bars federal district courts "from exercising subject matter jurisdiction over a

suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). The *Rooker-Feldman* doctrine does not apply to a habeas action. *See In re Gruntz*, 202 F.3d 1074, 1079 (9th Cir. 2000) (en banc). That is, regardless of the *Rooker-Feldman* doctrine, a federal court has jurisdiction to consider a habeas corpus petition which, in effect, is a challenge to the final judgment of a state court in a criminal action.

Martin contends that his Restitution Motion is not a challenge to his conviction and sentence, but offers no legal authority for his belief that the restitution fine is not part of his sentence. His contention is unpersuasive. The restitution fine is part of the sentence Martin received upon his conviction, as evidenced by its inclusion on the abstract of judgment in his criminal case. *See* Restitution Motion, Ex. A. When restitution or a fine is ordered upon one's conviction, it is a component of the criminal defendant's sentence. *See generally People v. Rowland*, 51 Cal. App. 4th 1745, 1751 (Cal. Ct. App. 1997) (under California law, where court fails to include any restitution award, the sentence is invalid); *cf. Bearden v. Georgia*, 461 U.S. 660, 665-70 (1983) (discussing whether a sentencing court can revoke probation for failure to pay the imposed fine and restitution). In Martin's case, the court ordered a restitution fine and restitution pursuant to a statute that identifies these penalties as part of the sentence that may be imposed upon conviction. *See* Cal. Penal Code § 1202.4(b) ("[i]n every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record"); *id.* at § 1202.4(f) ("in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order").

Regardless of how he prefers to characterize it, Martin's challenge is to the final judgment of the state court that imposed the restitution fine. But for the fact that the judgment challenged is a judgment in a criminal case, the *Rooker-Feldman* doctrine would bar Martin's action. The only way review of that judgment can be sought in the federal district is via a petition for writ of habeas corpus. Martin filed such a petition, even if he did attach to it his Restitution Motion.

1         This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in
2 custody pursuant to the judgment of a State court only on the ground that he is in custody in
3 violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section
4 2254(a) uses the term "in custody" twice, with two different requirements. *Bailey v. Hill*, 599 F.3d
5 976, 978 (9th Cir. 2010). The first usage (*i.e.*, that the petition be filed "'in behalf of a person in
6 custody'") requires that there be a restraint on the petitioner's liberty. *Id.* at 978-79. The second
7 usage (*i.e.*, that the application may be entertained "'only on the ground that he is in custody in
8 violation of the Constitution or laws or treaties of the United States'") requires "a nexus between the
9 petitioner's claim and the unlawful nature of the custody." *Id.* at 979-80. For the second
10 requirement to be satisfied, success on the claim must result in a change in the restraint on the
11 petitioner's liberty. *Id.* at 980.

12         Martin's claim that the trial court exceeded its statutory and constitutional authority by
13 imposing an excessive restitution fine fails to satisfy the second custody requirement because
14 success on the claim might cause the restitution fine to be set aside or modified but would not affect
15 any restraint on Martin's liberty. *See id.* at 980-81 (imprisoned petitioner failed to satisfy custody
16 requirement for his petition challenging only the restitution component of his sentence because the
17 "elimination or alteration of a money judgment, does not directly impact – and is not directed at the
18 source of the restraint on – his liberty" as long as he has to serve the rest of his prison sentence in the
19 same manner). Martin cannot obtain relief from the restitution fine in a habeas action.[1]

20         To summarize, Martin's challenge to the restitution fine is a challenge to a portion of his
21 sentence in his criminal case. The federal court may consider a challenge to a state criminal
22 sentence only if it is presented in a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.
23 However, habeas relief is not available for an alleged constitutional violation in the imposition of a
24 restitution fine as part of a criminal sentence.

---

[1] As mentioned earlier, Martin obtained permission to file a second or successive petition and already has done so in Case No. C-12-1351 EMC. The Court will not require the *pro se* litigant to amend the petition in Case No. C-12-1351 EMC to assert his challenge to the restitution fine and make the showing necessary under 28 U.S.C. § 2244(b). The claim would have to be dismissed under *Bailey* even if he could make the showing necessary under § 2244(b).

Although the Court correctly dismissed this action because Martin had not first obtained permission to file a second or successive petition, he later obtained such permission. Thus, the original reason for dismissing this action is no longer present but a new reason has now been demonstrated. Therefore, the Court reopens the action, dismisses the petition for writ of habeas corpus and denies the Restitution Motion for the reasons explained in this order.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### III. CONCLUSION

Martin's Motion To Reopen is **GRANTED**. (Docket # 7.) The petition for writ of habeas corpus is **DISMISSED** and the Restitution Motion is **DENIED**.

The new reason for the dismissal of this action requires that a new judgment be entered because the dismissal is no longer without prejudice. The judgment entered on February 16, 2012, is now **VACATED** and a new judgment will be entered. The Clerk shall close the file.

IT IS SO ORDERED.

Dated: May 9, 2012

EDWARD M. CHEN
United States District Judge